IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HUERTA, Administrator, Federal Aviation Administration,<br><br>     Plaintiff,<br><br> v.<br><br>SKYPAN INTERNATIONAL INC.,<br><br>     Defendant. | Case No. 13-cv-08529<br><br>Honorable Judge Norgle |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

  Defendant, Skypan International, Inc. ("Skypan") wishes to advise the Court of the recent Decisional Order in the matter, *Michael P. Huerta, Administrator, Federal Aviation Administration v. Raphael Pirker*, Docket CP-217 (U.S. NTSB) (attached as Exhibit A) which has a direct bearing on this matter. The Decisional Order of the Administrative Law Judge of the NTSB concludes that the FAA has no enforceable FAA rule or regulation applicable to the operation of the Unmanned Aircraft System (UAS) for which the FAA sought to assess a civil penalty against the operator of that vehicle.

  Here, the FAA is seeking to enforce a subpoena for documents relating to all of Skypan's activities in operating an Unmanned Aircraft System (UAS) in New York City and Chicago which may have violated FAA Regulations. Given that it has been found that no FAA rules or regulations exist in connection with the operation of Unmanned Aircraft Systems (UAS), the FAA is without authority to issue and enforce a subpoena for documents from SkyPan in connection with that operation. The FAA Modernization Reauthorization and Reform Act of 2012 requires the FAA to promulgate regulations concerning "unmanned aircraft systems." As the Administrative Law Judge described in detail, no such regulations have been promulgated.

Skypan, without waiving its objections, voluntarily produced documents relating to two specific investigations by the FAA. However, now the FAA continues to pursue additional documentation concerning any and all of Skypan's activities. Skypan has appropriately objected to the additional requests as a legally unsupported, overbroad, fishing expedition into Skypan's legitimate business activities.

As the Seventh Circuit has held: in order for an agency's subpoena to be enforceable, it must be "within the authority of the agency." *Chao v. Local 744*, 467 F.3d 1014, 1017 (7th Cir. 2006).

Because it is now clear that there are no FAA rules or regulations that pertain to the operation of UAS vehicles, the FAA's request for additional documentation from SkyPan exceeds its authority and should be DENIED.

        Respectfully submitted,

        */s/ William L. Niro*
        William L. Niro (wniro@nshn.com)
        Christopher W. Niro (cniro@nshn.com)
        NIRO, HALLER & NIRO
        181 W. Madison, Suite 4600
        Chicago, IL 60602
        (312) 236-0733
        Fax: (312) 236-3137

        *Attorneys for Defendant*
        *SkyPan International, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 11, 2014 the foregoing

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

> Katherine E. Beaumont
> Assistant United States Attorney
> Northern District of Illinois
> 219 S. Dearborn, Suite 500
> Chicago, Illinois 60604
> Tel: (312) 353-7223
> Fax: ((312) 886-4073
> Katherine.Beaumont@usdoj.gov
> Tel: (312) 558-5600
> Fax: (312) 558-5700
>
> ***Attorneys for Plaintiff, Michael Huerta,***
> ***Administrator, Federal Aviation Administration***

                */s/ William L. Niro*
                Attorneys for SkyPan International, Inc.