IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HUERTA, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 13 CV 8529 |
| | ) |
| v. | ) Hon. Charles R. Norgle |
| | ) |
| SKYPAN INTERNATIONAL INC., | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petition for Summary Enforcement of Subpoena [1] is granted. Skypan is compelled to comply with all outstanding requests contained within the Federal Aviation Administration's subpoena on or before May 30, 2014. Status hearing is set June 20, 2014 at 10:00 a.m.

## STATEMENT

Petitioner Michael Huerta, the Administrator of the Federal Aviation Administration (FAA), sues Skypan International, Inc. ("Skypan") to enforce an administrative subpoena pursuant to 49 U.S.C. § 46104(b). The subpoena requires Skypan to produce all business records, agreements, contracts, communications, proposals, photographic products and/or materials, surveys and/or reports, and records of payment, in the possession or control of Skypan, relating to aerial photography of the area surrounding 432 Park Avenue, New York, New York. The subpoena also requires Skypan to produce any and all agreements or contracts, photographic products and/or materials, surveys and/or reports, in the possession or control of Skypan, relating to the use of the Skypan RPV System (or any other unmanned aerial system) to conduct surveillance and/or photography in the New York City and Chicago metropolitan area Class B airspace. On December 3, 2013, the Court issued a rule to show cause as to why Skypan should not be compelled to obey the FAA's subpoena served upon it on August 2, 2013. For the following reasons, Skypan is compelled to obey the FAA's subpoena.

"A district court must enforce an administrative subpoena '[a]s long as the investigation is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant . . . .'" EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc., 639 F.3d 366, 368 (7th Cir. 2011) (quoting EEOC v. Tempel Steel Co., 814 F.2d 482, 485 (7th Cir. 1987)) (alteration in original). Subpoena enforcement proceedings "are designed to be summary in nature," id. (internal quotation marks and citation omitted), and "the role of the court is sharply limited," Tempel Steel Co., 814 F.2d at 485 (internal quotation marks and citation omitted).

Skypan argues that it has reasonably complied with the subpoena and has produced relevant documents. Skypan, however, has not produced any documents relevant to the use of the Skypan RPV system or other unmanned aerial systems in the New York City and Chicago metropolitan area Class B airspace. Skypan objects to these requests as "a legally unsupported,

overbroad, fishing expedition." Def.'s Notice of Supplemental Authority 2. In support of this position, Skypan cites a National Transportation Safety Board administrative law judge's decisional order, granting a motion to dismiss and vacating an FAA order assessing a civil penalty against the operator of an unmanned aerial system for violating Federal Aviation Regulations. Pirker, Docket No. CP-217 (FAA Mar. 6, 2014).[1] There, the administrative law judge found, *inter alia*, that model aircraft are not aircraft as defined in 49 U.S.C. § 40103(a)(6) and 14 C.F.R. § 1.1, and that there was no FAA rule or regulation applicable to the model aircraft operation at issue. Id. According to Skypan, this decisional order prohibits the FAA from issuing and enforcing a subpoena for documents in connection with the operation of unmanned aircraft systems. This argument is wholly without merit. In deciding whether to enforce a subpoena, the Court need not concern itself with the underlying merits of a hypothetical enforcement action. See EEOC v. Aerotek, Inc., 498 F. App'x 645, 649 (7th Cir. 2013) (non-precedential order) (citing EEOC v. Shell Oil Co., 466 U.S. 54, 72 n.26 (1984)); Chao v. Local 743, Int'l Bhd. of Teamsters, AFL-CIO, 467 F.3d 1014, 1018-19 (7th Cir. 2006). Thus, even if the Pirker decisional order carries any persuasive value, it is inapplicable here.

The FAA seeks to investigate the purpose and nature of the flights and operations of Skypan's unmanned aerial system in the New York City and Chicago metropolitan area Class B airspace to determine whether and to what extent Skypan violated Federal Aviation Regulations, including Public Law 112-95, the FAA Modernization and Reform Act of 2012. This investigation falls squarely within the FAA's investigatory authority. The FAA has broad authority to initiate an investigation about a person violating air commerce and safety, or any question that may arise regarding air commerce and safety. 49 U.S.C. § 46101(a)(2). Indeed, "[a]n administrative agency's subpoena power is intended to permit the agency to 'investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'" Chao, 467 F.3d at 1017 (quoting United States v. Morton Salt Co., 338 U.S. 632, 642-43 (1950)). Additionally, the subpoena issued to Skypan is not "too indefinite." Konica Minolta Bus. Solutions U.S.A., Inc., 639 F.3d at 368. Finally, the Court defers to the FAA's determination that the information sought by the subpoena is relevant to its investigation into the use of Skypan's unmanned aerial system to conduct surveillance and/or photography within in the New York City and Chicago metropolitan area Class B airspace. See RNR Enters., Inc. v. SEC, 122 F.3d 93, 97 (2d Cir. 1997) ("We defer to the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong . . . ." (internal quotation marks and citation omitted)). Thus, the FAA's subpoena is procedurally sound and must be enforced. The FAA's petition for summary enforcement of subpoena is therefore granted. Skypan shall comply with all outstanding requests contained within the FAA's subpoena on or before May 30, 2014.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: April 4, 2014

---

[1] This decisional order has been stayed by the FAA's March 7, 2014 appeal of the order to the National Transportation Safety Board pursuant to 49 C.F.R. § 821.43.