IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HUERTA, Administrator, Federal Aviation Administration, | |
| Petitioner, | Case No. 13-cv-08529 |
| v. | Honorable Judge Norgle |
| SKYPAN INTERNATIONAL INC., | |
| Respondent | |

**SKYPAN'S RESPONSE IN OPPOSITION TO PETITIONER'S
MOTION FOR AN ORDER TO SHOW CAUSE**

Skypan International, Inc. ("Skypan") responds in opposition to the Petitioner's, Michael Huerta, Administrator, Federal Aviation Administration ("FAA") Motion for an Order to Show Cause why Skypan should not be held in civil contempt.

Skypan has, over the past months, complied with the Subpoena and this Court's Order of April 4, 2014. In every respect, Skypan has been reasonably diligent, responsive and complete in its production of documents sought by the Petitioner. There is no just cause or reason why Skypan should be held in civil contempt.

On February 14, 2014, prior to this Court's Order of April 4, 2014, Skypan produced records relating to the specific request made by the Petitioner in its Subpoena for records (Dkt. No. 21-1, p. 3, ¶ 6). At that time, Skypan objected to the remaining scope of the subpoena and asserted that the Administrator's request for additional documents beyond that specific request in the Subpoena as overly broad and did not seek records relating to any identifiable specific work project (Dkt. No. 12, p. 2, ¶ 7). Skypan advised the Petitioner at that time that it would voluntarily produce records, if any, if the Petitioner would simply identify what specific work activities for which it was seeking documents.

On April 4, 2014, this Court overruled Skypan's objections to the scope of the FAA's Subpoena and entered an Order requiring Skypan to produce the requested documents responsive to the Subpoena on or before May 30, 2014.

In compliance with this Court's Order, on May 30, 2014, Skypan produced documents it reasonably believed were responsive to the FAA's request, namely, work performed by Respondent in Chicago, Illinois Class B airspace (Exhibit 1, Decl. of Mark Segal, ¶ 8). Skypan has no additional documents for any work in Chicago Class B airspace. Respondent did not produce any additional documents concerning work in New York City at that time because those projects were not within the Class B airspace, identified and defined by the Petitioner in its Subpoena, namely, five miles from the tower at New York LaGuardia Airport. (See Paragraph 17, Declaration of John P. Wilkens, Aviation Safety Inspector, Federal Aviation Administration, Dkt. No. 1-1, p. 17, ¶ 17.)

At that time, Skypan reasonably believed it had provided all documents responsive to Petitioner's Subpoena. Subsequently, at the June 20, 2014 status hearing before the Court, counsel for Petitioner identified a specific property for which it wanted documents, namely, 153 10th Ave., New York. Counsel for Respondent indicated at the time that Skypan believed the property was outside the Class B airspace of LaGuardia Airport, and thus beyond the request in the Subpoena. And, indeed it is. The property in question is located 7.3 miles in a straight line from LaGuardia Airport (Exhibit 2, Decl. of William L. Niro, ¶ 3). Despite that fact, based on Petitioner's request and in an effort to fully cooperate with the Petitioner's request, Skypan produced records from that job (SKY0064-0086) on July 28, 2014.

Shortly thereafter, counsel for Petitioner identified and notified Skypan that it wanted documents for:

- 303 E. 51st Street, New York, NY; and
- 40 Riverside Blvd., New York, NY.

- 2 -

Again, each of those properties is outside the five-mile Class B airspace of LaGuardia Airport, and Skypan reasonably believes outside the scope of the Subpoena as defined by Petitioner. The property at E. 51st Street is 5.2 miles from LaGuardia, and the property at 40 Riverside Blvd. is 6.2 miles from LaGuardia (Exhibit 2, Decl. of William L. Niro, ¶ 3 at Ex. A and B, respectively). Despite being outside the scope of Petitioner's Subpoena, Skypan produced responsive documents on July 28, 2014. And, at that time, counsel for Skypan advised counsel for Petitioner that Skypan's production was complete, but he would continue to work with Petitioner if Petitioner had any other requests. No further requests have been made by Petitioner.

Skypan has attempted in good faith to cooperate with Petitioner and has been reasonably diligent and timely in providing documents responsive to each of its requests. Each property for which Petitioner now identifies as the basis for a claim that Skypan has not complied with the Subpoena is outside the Class B airspace as defined by the Subpoena. Rather than object to the requests, however, Skypan has fully cooperated and provided whatever Petitioner requested. It does not seem just to say Skypan is in contempt of the court's Order to comply with the Subpoena when the activities for which documents are sought concern work which is <u>outside the scope</u> of the requests in the Subpoena.

Skypan has sought since the inception of this matter, to fully and fairly meet the Petitioner's requests as defined by the FAA. Skypan has produced documents beyond the scope of the Subpoena, and when requested, supplemented its productions (even though Skypan reasonably believes the requests are outside the Subpoena).

Skypan is not an unknown stranger to the FAA. Skypan has been in the aerial photography business for more than 20 years. It has been in contact and communication with FAA administrative and field representatives continuously over the past six years, concerning its manned and unmanned aerial photographic work, as well as participating in the development of unmanned aerial systems (UAS) rules and regulations (Exhibit 1, Decl. of Mark Segal, ¶ 9).

As an example of that cooperation, in September 2013, FAA Aviation Safety Inspectors met with Skypan, at Skypan's office in Chicago, to inspect Skypan's RPV system. The FAA inspectors and Skypan officials discussed Skypan's equipment and operations, and remote control aircraft (UAS) regulations under consideration by the FAA (Exhibit 1, Decl. Mark Segal ¶ 9; see also Dkt. No. 12, p. 2, ¶ 5; Dkt. No. 12-1, pp. 1-4).

In order to hold a party in civil contempt, the Petitioner must be able to point to an order which specifically sets forth an unequivocal command that the party in contempt has violated. *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). This Court entered an Order on April 4, 2014 requiring Respondent to comply with outstanding requests contained in the FAA's subpoena. Skypan complied with that Order.

Skypan has been diligent and attempted in good faith to comply with the Subpoena, this Court's Order and all further requests of Petitioner even when those requests go beyond the scope of the Subpoena. Skypan has not acted in a manner warranting an Order of Civil Contempt. By way of the attached Declaration of Mark Segal, Skypan states that its records production in response to the Subpoena, as well as its responses to the FAA's specific requests which are outside the scope of the Subpoena, are complete.

WHEREFORE, Respondent, Skypan International, Inc., respectfully request that the Court deny the Petitioner's request or an Order to Show Cause.

Respectfully submitted,

*/s/ William L. Niro*
William L. Niro (wniro@nshn.com)
Christopher W. Niro (cniro@nshn.com)
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Tel.: (312) 236-0733
Fax: (312) 236-3137

***Attorneys for SkyPan International, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 14, 2014 the foregoing

**SKYPAN'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR AN ORDER TO SHOW CAUSE**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

>  Katherine E. Beaumont
>  Assistant United States Attorney
>  Northern District of Illinois
>  219 S. Dearborn, Suite 500
>  Chicago, Illinois 60604
>  Tel:     (312) 353-7223
>  Fax:    (312) 886-4073
>  Katherine.Beaumont@usdoj.gov
>
>  *Attorneys for Plaintiff, Michael Huerta,*
>  *Administrator, Federal Aviation Administration.*

>  */s/ William L. Niro*
>  Attorneys for SkyPan International, Inc.
>  NIRO, HALLER & NIRO